No. 3269.—State of Louisiana ex rel. M. Scooler v. Wm. H. Cooley, Judge of the Sixth District Court.

An interlocutory decree, ordering interrogatories against a garnishee in an attachment suit to be taken for confessed, is not appealable until final judgment has been pronounced in the main action. A writ of mandamus will not, therefore, issue from the Supreme Court, directing the judge a quo to grant an appeal from such interlocutory order.

APPLICATION for a Writ of Mandamus. Cotton & Levy, for relator. W. H. Cooley, Judge, respondent.

LUDELING, C. J. In this case the relator prays for a mandamus to compel the judge of the Sixth District Court to grant him a suspensive appeal. The judge, in his answer, avers that the judgment rendered against M. Scooler was upon a rule taken by E. Newman & Co., plaintiffs in their suit v. L. D. Cohn on Scooler to traverse the answers of Scooler to interrogatories therein propounded on the ground that Scooler had confessed before three witnesses, that he had

ample property to satisfy the writ and that his answers were false. Respondent further says, that as the suit was by attachment against a non-resident, it became essential for plaintiffs to contradict said answers in order to show the court had jurisdiction over the defendant, and therefore it was impossible legally to try the case as against defendant before it could be shown some property had been attached to vest jurisdiction; that after a regular trial the rule was made absolute, taking the interrogatories for confessed, and it was ordered that such property and effects, as well as such sum as may be due by the garnishee, be subject to satisfy such judgment as may be rendered against the defendant; and respondent avers that this is a conditional interlocutory order and not a final judgment, and therefore not appealable until there be a judgment against the defendant on the debt claimed by the plaintiff.

We consider the answer states sufficient reason to justify respondent's conduct.   C. P. 842.

It is therefore ordered that the application be dismissed at the relator's costs.